UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**STEVEN HUDSON,**

    Plaintiff,

**v.**                                        **CASE NO.:**

**SFM, LLC,**

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, STEVEN HUDSON (hereinafter "Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Defendant SFM, LLC (hereinafter "Defendant"), and states the following:

## NATURE OF CASE

1.  This is a claim by Plaintiff against his former employer for violations of the FCRA and the Americans with Disabilities Act, 42 U.S.C. §12101, as amended by the ADA Amendments Act of 2008 ("ADAAA"), and the Florida Civil Rights Act ("FCRA"), 760.01-760.11, Florida Statutes. As a result, and for the violation of the listed statute, Plaintiff seeks to recover front pay, back pay, an equal amount as liquidated damages, reinstatement, lost benefits, compensatory damages, emotional distress damages, pain and suffering,

injunctive relief, reasonable attorneys' fees and costs and any other relief to which the Plaintiff is entitled, including but not limited to, equitable relief.

## PARTIES

2. Plaintiff was hired by Defendant in or around May 2021.

3. At the time of his termination, Plaintiff worked for Defendant as a Quality Control Manager.

4. Defendant is a company that operates and conducts business in, among other places, Orange County, Florida.

## JURISDICTION & VENUE

5. Jurisdiction of this matter arises pursuant to 28 U.S.C. §1331 with federal questions involving the ADAAA. An express grant of federal court jurisdiction over these federal claims are found in the ADA Amendments Act of 2008.

6. This Court has supplemental jurisdiction over Plaintiff's state law claims.

7. The acts and omissions giving rise to this action occurred in Orlando, Florida.

8. Defendant conducts business in Orlando, Florida.

9. Plaintiff was employed with Defendant in Orlando, Florida.

10. Defendant was an employer as defined by the laws under which this action is brought and employs greater than 15 employees.

11. This is an action at law raises a federal question under federal law.

12. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331.

13. Venue is proper in because the illegal conduct occurred within the judicial district in and for this District.

## STATUTORY PREREQUISITES

14. Plaintiff is a member of a class of individuals protected by the ADAAA.

15. Plaintiff was qualified for his position of employment as a Quality Control Manager.

16. The Defendant meets the statutory criteria for coverage as an "employer" under the ADAAA.

17. Plaintiff meets the statutory criteria for coverage as an "employee" under the ADAAA and the FCRA.

18. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on May 31, 2023.

19. The EEOC issued a Notice of Right to Sue on December 15, 2023.

20. Plaintiff brings this suit within ninety (90) days of receipt of his Notice of Right to Sue.

21. Additionally, Plaintiff has complied with all other requirements and all other prerequisites prior to bringing this lawsuit.

22. Plaintiff has satisfied all administrative prerequisites to perfect his claim.

## FACTUAL ALLEGATIONS

23. Plaintiff began his employment with Defendant in May 2021.

24. While working with Defendant, Plaintiff began to experience significant pain in his back.

25. Specifically, Plaintiff would have difficulty walking, bending, and lifting.

26. After numerous doctors' visits and medical examinations, it was determined that Plaintiff needed to undergo spinal surgery.

27. Plaintiff immediately informed the Defendant and requested time away from work for surgery and recovery.

28. Plaintiff requested and was granted thirty (30) days of leave for surgery and recovery.

29. Because of Plaintiff's spinal condition, which affected one or more major life activities, he was considered disabled under the ADAAA and FCRA.

30. Indeed, Plaintiff was unable to bend over or lift heavy objects or walk or stand beyond thirty minutes at a time.

31. Plaintiff was released to return to work following the thirty (30) days, but he did have light duty restrictions.

32. After those thirty (30) days, Plaintiff attempted to return to work with his light duty restrictions.

33. However, upon attempting to return, Plaintiff was informed by Defendant that the Company would not accommodate Plaintiff's light duty restrictions and to not return until he was fully released by his doctor.

34. As a result, Defendant refused to engage in the interactive process or determine if there was a reasonable accommodation available for Plaintiff.

35. Plaintiff was subsequently released to return to work with no restrictions.

36. However, upon returning to work, Plaintiff began to experience retaliatory behavior because of his disability and time away from work recovering from surgery.

37. Specifically, Plaintiff began to receive unwarranted complaints from Defendant regarding his work ethic.

38. Plaintiff ensured that his work ethic was fine and was confused about the accusation.

39. Shortly thereafter, Plaintiff was diagnosed with COVID and had to stay home for two weeks.

40. A week after returning to work, Plaintiff was shockingly placed on a Performance Improvement Plan (PIP).

41. Plaintiff then tried speaking with other employees in order to determine what he needed to do differently so that the department could run more smoothly.

42. A few days after speaking with the other employees, Plaintiff was suspended indefinitely.

43. When Plaintiff asked Defendant for the reason for the suspension, he was informed that an explanation would be provided in his formal meeting with HR.

44. In the meeting the following week, Plaintiff was terminated.

## COUNT I
## DISABILITY DISCRIMINATION

45. Plaintiff realleges and adopts, as if fully set forth herein, the allegations in paragraphs 1-44, above.

46. Plaintiff's medical conditions and restrictions were a motivating cause of Defendant's discriminatory behavior towards Plaintiff, and thus, constituted disability discrimination as proscribed by the ADAAA.

47. Defendant's conduct, including but not limited to its refusal to allow Plaintiff to return to work following his surgery, failing to engage in the

interactive process regarding whether Defendant could accommodate Plaintiff's restrictions, and Plaintiff's termination was discrimination against Plaintiff.

48. As a natural, proximate and foreseeable result of the actions of Defendant, Plaintiff has suffered damages, including but not limited to lost wages and benefits, future pecuniary losses, mental anguish, loss of dignity, and other intangible injuries.

49. The conduct of Defendant was in such reckless disregard of Plaintiff's federal statutory rights against disability discrimination as to entitled Plaintiff to recover an award of punitive damages to punish Defendant and to deter it and others from such conduct in the future.

50. The disability discrimination Plaintiff suffered, in violation of his federal statutory right to be free from such discrimination, constitutes irreparable harm for which there is no adequate remedy at law.

51. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses against Defendant.

WHEREFORE Plaintiff respectfully requests that the Court enter a judgment:

    a. Permanently enjoining Defendant, its officers, agents, servants, employees and all other persons in active concert or participation with it, from violating the provisions of 42 U.S.C. § 12101, as amended, as to Plaintiff;

b. Awarding judgment against Defendant for the back pay and benefits to which Plaintiff would have been entitled but for Defendant's discriminatory acts;

c. Awarding judgment against Defendant for compensatory damages;

d. Awarding judgment against Defendant for punitive damages;

e. Enjoining Defendant to reinstate Plaintiff to a job comparable to the one from which she was terminated, or, if that is not feasible as a make-whole remedy, granting her front pay;

f. Awarding Plaintiff her costs, including a reasonable attorneys' fee, pursuant to 42 U.S.C. §§ 2000e-5(k), 12205 and 12117;

g. Awarding Plaintiff equitable relief in the form of an additional set-off for any negative tax consequences incurred by Plaintiff as the result of any damage award entered in her favor in this action; and

h. Granting such other and further relief as the Court deems just.

## COUNT II
## RETALIATION IN VIOLATION OF THE ADAAA

52. Plaintiff realleges and adopts, as if fully set forth herein, the allegations in paragraphs 1-44, above.

53. The Plaintiff engaged in protected activity by requesting time away from work because of his disability.

54. Plaintiff further engaged in protected activity by requesting light duty following his return to work from surgery.

55. Defendant failed to engage in the interactive process with Plaintiff.

56. More specifically, Defendant refused to allow Plaintiff to return to work because it did not want to provide an accommodation to Plaintiff.

57. Defendant escalated its retaliation against Plaintiff after he did return to work, including placing Plaintiff on a PIP and terminating his employment.

58. Upon information and belief, Defendant's conduct, including but not limited to its refusal to engage in any dialogue regarding making a reasonable accommodation for Plaintiff and retaliatory behavior and the subsequent termination of Plaintiff, was, in whole or in part, motivated by Plaintiff' need for an accommodation.

59. As a natural, proximate and foreseeable result of Defendant's actions, Plaintiff has suffered damages, including but not limited to lost wages and benefits, future pecuniary losses, mental anguish, loss of dignity, and other intangible injuries.

60. The conduct of Defendant was in such reckless disregard of Plaintiff's federal statutory rights against retaliation as to entitle Plaintiff to recover an award of punitive damages to punish Defendant and to deter it and others from such conduct in the future.

61. The retaliation Plaintiff suffered, in violation of her federal statutory right to be free from such retaliation, constitutes irreparable harm for which there is no adequate remedy at law.

62. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses against Defendant.

WHEREFORE, Plaintiff respectfully requests that the Court enter a judgment:

   a. Permanently enjoining Defendant, its officers, agents, servants, employees and all other persons in active concert or participation with it, from violating the provisions of 42 U.S.C. § 12101, as amended, as to Plaintiff;

   b. Awarding judgment against Defendant for the back pay and benefits to which Plaintiff would have been entitled but for Defendant's retaliatory acts;

   c. Awarding judgment against Defendant for compensatory damages;

   d. Awarding judgment against Defendant for punitive damages;

   e. Enjoining Defendant to reinstate Plaintiff to a job comparable to the one from which she was terminated, or, if that is not feasible as a make-whole remedy, granting her front pay;

   f. Awarding Plaintiff her costs, including a reasonable attorneys' fee, pursuant to 42 U.S.C. §§ 2000e-5(k), 12205 and 12117;

g.  Awarding Plaintiff equitable relief in the form of an additional set-off for any negative tax consequences incurred by Plaintiff as the result of any damage award entered in her favor in this action; and

h.  Granting such other and further relief as the Court deems just.

## COUNT III
## DISABILITY DISCRIMINATION IN VIOLATION OF FCRA

63. Plaintiff realleges and adopts, as if fully set forth herein, the allegations in paragraphs 1-44, above.

64. Plaintiff brings this cause of action pursuant to the FCRA.

65. Plaintiff experienced discriminatory behavior and retaliation from Defendant under the FCRA.

66. Plaintiff suffered from a spinal condition that led to him having spinal surgery.

67. Plaintiff attempted to return back to work with the restrictions provided by his doctor.

68. Instead engaging in the interactive process to determine if an accommodation could be provided, Defendant informed Plaintiff that he could not return to work until he no longer needed an accommodation.

69. Upon returning to work, Plaintiff was retaliated against by Defendant.

70. Specifically, Plaintiff was antagonized and ridiculed allegedly because of his work ethic. Subsequently, Plaintiff was placed on a PIP and subsequently suspended indefinitely and thereafter terminated.

71. Defendant's actions were open and obvious.

72. As a direct and proximate result of Defendant's discriminatory and retaliatory behavior, Plaintiff suffered great embarrassment, humiliation, and mental and physical anguish.

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

   a. Back pay and benefits;

   b. Interest on back pay and benefits;

   c. Front pay and benefits;

   d. Compensatory damages for emotional pain and suffering;

   e. Injunctive relief;

   f. Prejudgment interest;

   g. Costs and attorney's fees; and

   h. Such other relief as the Court may deem just and proper.

## COUNT IV
## RETALIATION IN VIOLATION OF FCRA

73. Plaintiff realleges and adopts, as if fully set forth herein, the allegations in paragraphs 1-44, above.

74. Plaintiff brings this cause of action pursuant to the FCRA.

75. Plaintiff is a member of a protected class because he suffers from disabling medical conditions.

76. At all material times, Plaintiff was qualified to perform his job duties.

77. Plaintiff was subjected to the adverse employment action of being terminated.

78. Defendant retaliated against the Plaintiff for requesting reasonable accommodation due to his disabling condition.

79. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against retaliation under the FCRA because they treated Plaintiff less favorably because of his disability.

80. Defendant does not have a legitimate, non-discriminatory reason for firing Plaintiff.

81. The conduct of Defendant and its agents and employees, proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

82. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of the Plaintiff, as to entitle him to

an award of punitive damages against Defendant, to deter Defendant, and others, from such conduct in the future.

83. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to the FCRA.

84. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

    a.    Back pay and benefits;

    b.    Interest on back pay and benefits;

    c.    Front pay and benefits;

    d.    Compensatory damages for emotional pain and suffering;

    e.    Injunctive relief;

    f.    Prejudgment interest;

    g.    Costs and attorney's fees; and

    h.    Such other relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated this 23rd day of January 2024.

Respectfully submitted,

s/ T'Keara N. Watson
T'Keara N. Watson, Esquire – LEAD COUNSEL
FBN: 1018265
Email: twatson@theleachfirm.com
Anthony Hall, Esquire
FBN: 40924
Email: ahall@theleachfirm.com
THE LEACH FIRM, P.A.
1560 N. Orange Ave., Suite 600
Winter Park, FL 32789
Telephone: (407) 574-4999
Facsimile: (833) 813-7513

Attorneys for Plaintiff